IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAY FLEMING, : | |
| : | Case No. 2:14-CV-2158 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| MARLEANE GLOEGE, : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Marleane Gloege's Motion to Dismiss Plaintiff Jay Fleming's Complaint.  Defendant contends that the Complaint should be dismissed because the Court lacks subject-matter jurisdiction over Plaintiff's claim and personal jurisdiction over Defendant.  Defendant further argues that the Complaint should be dismissed because Plaintiff has failed to state a claim under which relief can be granted.  Because the Court lacks subject-matter jurisdiction over Plaintiff's claim, Defendant's Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Fleming and Defendant Gloege were former spouses whose marriage was dissolved on September 9, 2013 in Pinal County, Arizona.  (See Doc. 7-1.)  As part of their Consent Decree of Dissolution of Marriage, the parties agreed that Defendant could continue to reside at the home they jointly owned, located at 10005 East Cloudview Avenue, Gold Canyon, AZ 85118, until the property could be sold.  (Doc. 7-1 at 9.)  The decree provided that Defendant would make all utility payments, Plaintiff and Defendant would share equally in mortgage

payments and upkeep on the property, and they would divide equally the proceeds from the eventual sale of the house.  (*Id.*)

On October 31, 2014, Plaintiff filed a Complaint asserting a breach of contract claim against Defendant.  (Doc. 1.)  Although Plaintiff's complaint is poorly drafted, it appears to allege that Defendant has breached a contract allowing Plaintiff to possess the home at 10005 East Cloudview Avenue.  Although the Complaint contains references to three attached exhibits, Plaintiff failed to attach any exhibits.  (*See* Doc. 1 paragraph 6.)

Defendant subsequently filed a Motion to Dismiss the Complaint, arguing that dismissal is required under Federal Rules of Civil Procedure 12(b)(1) and (2) because the Court lacks subject-matter jurisdiction over the claim and personal jurisdiction over the Defendant.  (Doc. 7.)  Defendant also contends that dismissal is warranted under Rule 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendant attached to her Motion a copy of the divorce decree.  (Doc. 7-1.)  Plaintiff's response to the Motion to Dismiss contains no argument and consists mostly of long excerpts from law-review articles and treatises that bear little relation to the issues in this case.  (Doc. 8.)

## II.     ANALYSIS

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" before proceeding to the personal-jurisdiction inquiry.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).  Therefore, the Court will first address Defendant's challenge to its subject-matter jurisdiction.

Motions to dismiss for lack of subject-matter jurisdiction generally fall into two categories: facial attacks and factual attacks. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack is a challenge to the sufficiency of the pleading and requires the court to take all of the allegations in the complaint as true. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A factual attack, however, allows the court to "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Defendant presents a factual attack on the Court's subject-matter jurisdiction, arguing that Plaintiff's Complaint must be dismissed because the domestic-relations exception to federal jurisdiction applies to this case. "The domestic-relations exception deprives federal courts of diversity jurisdiction if the plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*, No. 14-3146, 2015 WL 5729456, at *4 (6th Cir. Oct 1, 2015). The Sixth Circuit has held that the domestic-relations exception applied where a plaintiff brought a breach-of-contract claim against a defendant based on an agreement to sell residential real estate that had been incorporated into a divorce decree. *McLaughlin v. Cotner*, 193 F.3d 410, 415 (6th Cir. 1999).

As in *McLaughlin*, the dispute between Plaintiff and Defendant "involves issues arising out of conflict over a divorce decree," *id.* at 413, and "the obligations now imposed [as a result of the agreement] are not those imposed by the law of contract or torts, . . . but are those imposed by the divorce decree," *id.* at 414. Plaintiff seeks to modify the divorce decree to repossess the

3

parties' jointly-owned home located at 10005 East Cloudview Avenue.  Plaintiff has presented no evidence of any other contract concerning the home besides the divorce decree.  The divorce decree, which Defendant attached to her Motion to Dismiss and may be considered when weighing evidence to determine if the Court has jurisdiction, establishes that the parties' agreement regarding the use and sale of the house was incorporated into the divorce decree.  Plaintiff may not "artfully cast a suit seeking to modify or interpret the terms of a divorce, alimony, or child-custody decree as a state-law contract or tort claim in order to access the federal courts."  *Chevalier*, 2015 WL 5729456, at *4 (citing *McLaughlin*, 193 F.3d at 414-15).

Because the Court lacks subject-matter jurisdiction over Plaintiff's claim, it need not address Defendant's arguments that the Complaint should be dismissed for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

### III.    CONCLUSION

Defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED with prejudice**.  The clerk is directed to enter Judgment in Defendant's favor.

**IT IS SO ORDERED.**

         s/ Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  October 16, 2015**

4